UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY MULLINS,

Plaintiff,

v.

JAMES BRUTON, STEVE AYERS, DR. KEN CARLSON, DR. L. CHANG, and DR. AL GOLDSTEIN,

Defendants.

Civil File No. 00-614 (PAM/ESS)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge for review of a complaint filed by a prisoner at the Minnesota Correctional Facility, Oak Park Heights, Minnesota, ("MCF-OPH"). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's claims against Defendants James Bruton, Steve Ayers, and Dr. Ken Carlson be dismissed pursuant to 28 U.S.C. § 1915A.

## I. BACKGROUND

Plaintiff alleges in his complaint that he has been suffering from depression for at least the past year. In March of 1999, he was sent to a mental health unit, ("MHU"), which apparently is operated by the Minnesota Department of Corrections. A few days later, however, he was discharged from the MHU, even though he was allegedly still suffering from "a severe mental disorder." Thereafter, Plaintiff repeatedly asked someone, (not identified in the complaint), to send him back to the MHU, but that request was never

FILED MAR 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

granted.

Sometime during the summer or fall of 1999, Plaintiff stopped receiving certain unidentified medications, and was placed in segregated confinement. On November 6, 1999, Plaintiff allegedly attempted to commit suicide by cutting his wrist with a razor. A few days later, Plaintiff met with Defendant Dr. Al Goldstein, a psychologist at MCF-OPH. Plaintiff allegedly asked Dr. Goldstein to return him to the MHU for treatment of his depression, but Dr. Goldstein allegedly denied that request. The following day, Plaintiff talked to Defendant Dr. Ken Carlson, the Director of the MHU. Dr. Carlson told Plaintiff that he could be returned to the MHU, but that he (Dr. Carlson) would first have to discuss Plaintiff's situation with Dr. Goldstein.

On November 18, 1999, Plaintiff talked to Defendant Dr. L. Chang, a psychiatrist at MCF-OPH. Plaintiff asked Dr. Chang whether he could start receiving anti-depressant medication once again, but Dr. Chang allegedly denied that request, stating "You don't need it plus I don't have anything to prescribe [for] you." (Complaint, [Docket No. 2], ¶18.) On December 23, 1999, Plaintiff asked Dr. Chang to place him in the MHU and/or to reinstate his medications, but she allegedly denied his requests once again.

Plaintiff further alleges that during the winter of 1999-2000, he made numerous additional requests, to unnamed individuals, seeking to be returned to the MHU and/or to be placed back on medication. However, no such relief has been granted. Plaintiff presently contends that is still suffering from a mental disorder that is not being properly treated.

In this action, Plaintiff is attempting to sue Drs. Goldstein, Carlson and Chang, under 42 U.S.C. § 1983, for allegedly violating his Eighth Amendment rights by acting with deliberate indifference toward his serious medical needs. Also named as Defendants in this action are James Bruton, the Warden at MCF-OPH, and Steve Ayers, an assistant to the Warden. Plaintiff is seeking a judgment that would require Defendants to provide proper medical treatment for his alleged mental disorder, and award him punitive damages in an unspecified amount.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from individuals who work for a governmental agency, (namely the Minnesota Department of Corrections), his pleading is subject to the screening procedures prescribed by 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil action brought against governmental employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). See also 42 U.S.C. § 1997e(c). The Court has reviewed the instant complaint pursuant to § 1915A, and finds that Plaintiff has failed to state any claim on which relief can be granted against Defendants James Bruton, Steve Ayers, and Dr. Ken Carlson.

As previously noted, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983, for allegedly violating his constitutional rights by being deliberately indifferent to his alleged mental disorder. To state an actionable Eighth Amendment claim, however, a prisoner-plaintiff must plead, (and ultimately prove), facts showing that the named defendants (a) were aware of some particular "excessive risk" to the plaintiff's health, safety, or well-being, and (b) knowingly and deliberately disregarded that risk. Farmer v. Brennan, 511 U.S. 825, 337 (1994) (there is no Eighth Amendment violation "unless the official knows of and disregards an excessive risk to inmate health or safety"). "A prison official exhibits deliberate indifference," and may therefore be liable for an Eighth Amendment violation, "when the official actually 'knows of and disregards' a prisoner's serious medical needs." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995), quoting Farmer, 511 U.S. at 837. See also, Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must

set forth specific factual allegations showing what each named defendant allegedly did, or did not do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff's present attempt to sue Defendants Bruton, Ayers and Carlson is fatally deficient because he has not alleged any facts showing that any of these three Defendants did anything wrong.

The complaint includes no factual allegations suggesting that Defendants Bruton and Ayers were even aware of Plaintiff's alleged medical needs. Indeed, neither Bruton nor Ayers is even mentioned in the "Facts" section of Plaintiff's complaint. Moreover, Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named Defendant. The form that he used to prepare his pleading specifically advised him to set forth a summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each defendant is involved." (Complaint, [Docket No. 1], p. 3, § IV; emphasis added.) Despite this instruction, Plaintiff's "statement of claim" does not include any allegations attributing any specific act or omission to either Defendant Bruton or Defendant Ayers.

Although the complaint does mention Defendant Carlson, it does not identify any allegedly wrongful act or omission by Carlson. Plaintiff alleges only that he asked Dr. Carlson whether he could be placed in the MHU, and that Dr. Carlson responded by saying: "We can do that, but I want to talk to Dr. Goldstein first as he is in charge of your care." Dr. Carlson did not violate Plaintiff's constitutional rights merely by making that statement, and no other acts or omissions are attributed to him. Thus, the Court finds that Plaintiff's complaint fails to state any actionable claim against Dr. Carlson, as well.

The Court further notes that Defendants Bruton, Ayers and Carlson all appear to be supervisory/administrative personnel. It is therefore likely that Plaintiff is attempting to sue these three Defendants under the doctrine of respondeat superior; i.e., that he is claiming they should be held vicariously liable for the alleged misdeeds of other individuals who were more directly involved in Plaintiff's medical care. It is well-settled, however, that respondeat superior is not applicable to § 1983 claims, and that supervisors will not be held vicariously liable for constitutional violations committed by their subordinates. Boyd, 47 F.3d at 968 (prison officials cannot be held liable on an Eighth Amendment claim based solely on a subordinate's improper medical treatment); Sanders v. U.S., 760 F.2d 869, 872 (8th Cir. 1985) (same). Thus, Defendants Bruton, Ayers and Carlson could not be held liable simply because one or more of their subordinates may have failed to provide proper medical care.[1]

## III. CONCLUSION

In sum, Plaintiff's complaint fails to state any actionable Eighth Amendment claim against Defendants Bruton, Ayers or Carlson, because it does not allege any facts showing that any of those Defendants personally knew of, and deliberately disregarded, any of Plaintiff's serious medical needs. The present action must therefore be summarily dismissed as to these three Defendants pursuant to 28 U.S.C. § 1915A(b)(1). See also

---

[1] The Court also notes that the injunctive and declaratory relief that Plaintiff is seeking would involve specific types of medical care, such as prescribing and administering medications, and providing other appropriate treatment for Plaintiff's alleged mental disorder. Any judgment affording such relief presumably would have to be directed toward Plaintiff's primary health care providers, (apparently Drs. Goldstein and Chang), rather than those in administrative positions, such as Defendants Bruton, Ayers and Carlson.

28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c).

The Court will defer any ruling on Plaintiff's claims against the two remaining Defendants – Drs. Al Goldstein and L. Chang. For now, Plaintiff will be allowed to continue to prosecute his claims against those two Defendants.

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims against Defendants James Bruton, Steve Ayers, and Dr. Ken Carlson, be dismissed pursuant to 28 U.S.C. § 1915A(b)(1); and

2. Plaintiff be allowed to continue to prosecute his claims against the two remaining named Defendants at this time.

Dated: March 17, 2000

E.S. Swearingen

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.