**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

WESLEY MULLINS, Civil No. 00-614 (PAM/ESS)

Plaintiff,

v. **ORDER**

JAMES BRUTON, STEVE AYERS,
KEN CARLSON, L. CHANG, and
A. GOLDSTEIN

Defendanst.

---

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983 for a violation of his constitutional rights. This matter is now before the Court on Plaintiff's Renewed Motion for Appointment of Counsel [Docket No. 29]; and on Plaintiff's Motions for Default Judgment [Docket Nos. 15 and 24]; and Requests for Entry of Default [Docket Nos. 13 and 25].

A. Motions for Appointment of Counsel

Under 28 U.S.C. § 1915(d), this Court may request counsel to represent a person who has been granted in forma pauperis status. In a civil case, "there is no constitutional or statutory right to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22 (8th Cir. 1994). Appointment of counsel is within the discretion of the district court in civil cases. In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of the plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) (quoting from Johnson v. Williams, 788 F.2d 1319,



JUN 01 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1322-23 (8th Cir. 1986)).

In an order dated March 17, 2000, the Court denied Plaintiff's initial motion for appointment of counsel. [Docket No. 8]. The Court stated that if it should appear that this case will actually proceed to trial, Plaintiff may then renew his request for appointment of counsel. Order dated March 17, 2000, [Docket No. 8]. Plaintiff now renews his motion for appointment of counsel on the grounds that the issues involved in the case are complex; his confinement status restricts his ability to have access to the law library and to investigate the facts pertinent to his claim; he has a limited knowledge of the law and will not be able to present his claim; and that his case would present a constitutional violation. See Plaintiff's Motion for Appointment of Counsel and Memorandum of Law in Support [Docket Nos. 29 and 30].

Plaintiff's arguments in favor of his motion do not present the Court with information that was not before it when the Court initially denied Plaintiff's request for appointment of counsel. Plaintiff has not shown that the nature of this litigation has changed such that both the Plaintiff and the Court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and appears able to proceed without legal counsel. Plaintiff also seems able to investigate the facts, articulate his claims, and argue his positions. At this stage, the case appears to present issues which are neither factually nor legally complex. Moreover, with one defendant having only been served recently (see discussion below), it does not appear that the case is ready to proceed to trial. Therefore, the Court finds that appointment of counsel is not warranted at this time. Plaintiff may renew his motion for appointment of counsel, but only upon a clear showing that the complexity of the case has changed, or that the case is in fact ready to proceed to trial, or on appeal.

B. Motions for Default Judgment and Requests for Entry of Default

In the order dated March 17, 2000, the Court granted Plaintiff's application to proceed in forma pauperis, and ordered the Marshal to attempt to effect service of process on Defendants Chang and Goldstein. On April 17, 2000, Plaintiff moved for a default judgment against these Defendants for failure to answer or otherwise respond to his claim. On May 22, 2000, Plaintiff moved for a default judgment against Defendant Goldstein.

The record indicates that Defendant Chang executed an Acknowledgment of Receipt of Summons and Complaint on April 6, 2000. See Affidavit of L. Chang [Docket No. 19]. Defendant Goldstein executed an Acknowledgment of Receipt of Summons and Complaint on May 20, 2000. [Docket No. 22]. On April 21, 2000, Defendant Chang filed a separate answer to Plaintiff's complaint. [Docket No. 12]. Defendant Goldstein has yet to respond to the suit. Clearly Defendant Chang filed a timely response to Plaintiff's complaint and is not in default. See Fed. R. Civ. P. 12. The time for Defendant Goldstein to respond has not yet run, and a motion for default judgment against him is premature. Thus, the Court concludes that the Co-respondents are not in default, and that Petitioner's motions for default judgment must be denied. However, Defendant may renew his motion for default judgment against Defendant Goldstein if Goldstein does not defend the complaint.

Therefore, based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that**:

**1)** Plaintiff's renewed motion for appointment of counsel [Docket No. 29] is **DENIED**;

**2)** Plaintiff's motions for default judgment [Docket Nos. 15 and 24] are **DENIED**;

**3)** Plaintiff's requests for entry of default [Docket Nos. 13 and 25] are **DENIED**.

Dated: May 31, 2000

E.S. Swearingen
E.S. SWEARINGEN
United States Magistrate Judge