**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

WESLEY MULLINS, Civil No. 00-614 (PAM/ESS)

Plaintiff,

v. **REPORT AND RECOMMENDATION**

JAMES BRUTON, STEVE AYERS, Dr. KEN CARLSON, Dr. L. CHANG, and Dr. A. GOLDSTEIN,

Defendants.

---

Plaintiff appeared pro se.

Assistant Minnesota Attorney General Kari Jo Ferguson, Esq., appeared on behalf of Defendants James Bruton, Steve Ayers, Dr. Ken Carlson and Dr. A. Goldstein.

Matthew J. Hanzel, Esq.. appeared for Defendant Dr. L. Chang.

---

THIS MATTER came before the undersigned United States Magistrate Judge on Plaintiff's motions for voluntary dismissal [Docket No. 47]; to strike the Defendants' answer [Docket No. 36]; to renew his motion for appointment of counsel [Docket No. 46]; for leave to file an amended complaint [Docket No. 48]; to reconsider [Docket No. 10]; and his various discovery requests [Docket Nos. 9, 17, 23 and 34]. Also before the Court are Defendant L. Chang's motions for statutory dismissal [Docket No. 38]; and for a protective order [Docket No. 42]. Defendant Ken Carlson has also filed a motion for extension of time in which to file a dispositive motion [Docket No. 55]. Plaintiff, a prisoner at the Minnesota Correctional Facility, Oak Park Heights, Minnesota ("MCF-OPH"), commenced this action by filing a complaint in this District on March 10, 2000. He is attempting to sue various prison officials under 42 U.S.C. § 1983 for allegedly violating his federal constitutional rights.

FILED JAN 31 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

I. Appointment of Counsel

Under 28 U.S.C. § 1915(d), this Court may request counsel to represent a person who has been granted in forma pauperis status. In a civil case, "there is no constitutional or statutory right to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22 (8th Cir. 1994). Appointment of counsel is within the discretion of the district court in civil cases. In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of the plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) (quoting from Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

In an order dated March 17, 2000, the Court denied Plaintiff's initial motion for appointment of counsel. [Docket No. 8]. The Court stated that if it should appear that this case will actually proceed to trial, Plaintiff may then renew his request for appointment of counsel. Order dated March 17, 2000, [Docket No. 8]. Plaintiff renewed his motion for appointment of counsel on the grounds that the issues involved in the case are complex; his confinement status restricts his ability to have access to the law library and to investigate the facts pertinent to his claim; he has a limited knowledge of the law and will not be able to present his claim; and that his case would present a constitutional violation. In an order dated May 31, 2000, the Court denied Plaintiff's renewed motion for appointment of counsel on the grounds that Plaintiff's arguments in support of his motion did not present the Court with information that was not

before it when the Court initially denied Plaintiff's request for appointment of counsel.[1]

Plaintiff has once again filed a motion for appointment of counsel. In support of his motion, Plaintiff offers substantially the same reasons as he offered in support of his two prior motions for appointment of counsel. For the reasons expressed in the Court's two prior orders on this subject, Plaintiff's motion should be denied.

II. Amended Complaint

Plaintiff filed a motion for leave to file an amended complaint. Plaintiff seeks to name Dr. Dan Paskowitz, the Director of Psychology at the Minnesota Correctional Facility, Stillwater; Dr. Maida Gunther, employed at the MCF-OPH; and Ron Weill, Plaintiff's treating psychologist at MCF- Stillwater. In accordance with Local Rule 15.1, Plaintiff submitted a copy of his proposed new pleadings along with his motion to amend.

According to Fed. R. Civ. P. 15(a), leave to amend shall be "freely given when justice so requires." While there has been some delay in addressing the motions to amend the complaint, the Court finds no reason to believe that any Defendant will be prejudiced by allowing Plaintiff to file an amended complaint. As already noted, Plaintiff has complied with the requirements of Local Rule 15.1, by submitting a copy of his proposed new pleadings. Given these circumstances, the Court concludes that Plaintiff's motion to amend, (Docket No. 48), should be granted. The Clerk should be directed to file the Amended Complaints that were submitted with Plaintiff's motions, and assign them docket numbers.

---

[1] The Court's order stated, "Plaintiff has not shown that the nature of this litigation has changed such that both the Plaintiff and the Court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and appears able to proceed without legal counsel. Plaintiff also seems able to investigate the facts, articulate his claims, and argue his positions. At this stage, the case appears to present issues which are neither factually nor legally complex." Mullins v. Bruton, Civil No. 00-614, Order, Docket No. 32.

III. Dismissal

**A. Background**

In this action, Plaintiff is attempting to sue the Defendant under 42 U.S.C. § 1983, for allegedly violating his Eighth Amendment rights by acting with deliberate indifference toward his serious medical needs. Plaintiff is seeking a judgment that would require Defendants to provide proper medical treatment for his alleged mental disorder, and award him punitive damages in an unspecified amount. In his complaint Plaintiff alleges that he has been suffering from depression for some time. In March of 1999, he was sent to a mental health unit, ("MHU"), which apparently is operated by the Minnesota Department of Corrections. A few days later, however, he was discharged from the MHU, even though he was allegedly still suffering from "a severe mental disorder." Thereafter, Plaintiff repeatedly asked someone, (not identified in the complaint), to send him back to the MHU, but that request was never granted.

Sometime during the summer or fall of 1999, Plaintiff stopped receiving certain unidentified medications, and was placed in segregated confinement. On November 6, 1999, Plaintiff allegedly attempted to commit suicide by cutting his wrist with a razor. A few days later, Plaintiff met with Defendant Dr. Al Goldstein, a psychologist at MCF-OPH. Plaintiff allegedly asked Dr. Goldstein to return him to the MHU for treatment of his depression, but Dr. Goldstein allegedly denied that request. The following day, Plaintiff talked to Dr. Ken Carlson, the Director of the MHU.[2] Dr. Carlson told Plaintiff that he could be returned to the MHU, but that he (Dr. Carlson) would first have to discuss Plaintiff's situation with Dr. Goldstein.

[2] Dr. Carlson along with James Bruton, the Warden at MCF-OPH, and Steve Ayers, an assistant to the Warden, were named as Defendants in the original complaint. The claims against these Defendants were dismissed by an order issued by the Honorable Paul A. Magnuson adopting this Court's Report and Recommendation.

On November 18, 1999, Plaintiff talked to Defendant Dr. L. Chang, a psychiatrist at MCF-OPH. Plaintiff asked Dr. Chang whether he could start receiving anti-depressant medication once again, but Dr. Chang allegedly denied that request, stating "You don't need it plus I don't have anything to prescribe [for] you." (Complaint, [Docket No. 2], ¶18.) On December 23, 1999, Plaintiff asked Dr. Chang to place him in the MHU and/or to reinstate his medications, but she allegedly denied his requests once again.

Plaintiff further alleges that during the winter of 1999-2000, he made numerous additional requests, to unnamed individuals, seeking to be returned to the MHU and/or to be placed back on medication. At the time of filing his complaint, Plaintiff alleged that no such relief had been granted. Plaintiff now states that the Defendants have provided him with the medication he requested and that he has been receiving individual therapy every two weeks. As a consequence, Plaintiff filed a motion for voluntary dismissal of this action.

Defendant Chang objects to Plaintiff's motion. Defendant Chang filed a motion to dismiss Plaintiff's complaint against her for his failure to comply with the disclosure requirements of Minn. Stat. § 145.682. That statute requires a plaintiff in a medical malpractice action to file certain expert disclosures within a certain number of days of filing the complaint. Defendant Chang contends that under § 145.682 Plaintiff's failure to submit these disclosures entitles her to an order of dismissal with prejudice. The Court, however, finds that § 145.682 does not apply to this matter and concludes that Plaintiff's motion for voluntary dismissal should be granted.

**B. Discussion**

Under Fed. R. Civ. P. 41(a) a plaintiff may move for voluntary dismissal of his or her action by simply filing a notice of dismissal with the Clerk of Court. However, once a defendant

has filed a responsive pleading, a voluntary dismissal may only be obtained by either the filing of a stipulation of dismissal signed by all the parties or by order of the court. A voluntary dismissal through a court order shall occur "upon such terms and conditions as the court deems proper," and such a dismissal is "without prejudice." Fed. R. Civ. P. 41(a)(2).

As noted above, Defendant Chang bases her dismissal motion and her opposition to Plaintiff's motion for voluntary dismissal on Minn. Stat. § 145.682. That statute requires a plaintiff in "an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort," to file two affidavits supporting the claim. Minn. Stat. § 145.682, subd. 2. The first affidavit must state that the plaintiff's attorney has reviewed the facts of the claim with a medical expert who believed that at least one defendant named in the suit deviated from the applicable standard of care and thereby injured the plaintiff. Minn. Stat. § 145.682, subd. 3. The second affidavit concerns the identity of the expert(s) who will offer testimony at trial, the substance of the facts and opinions to which the expert will testify, and the basis for those opinions. Minn. Stat. § 145.682, subd. 4. Failure to comply with these requirements results in mandatory dismissal with prejudice "of each cause of action as to which expert testimony is necessary to establish a prima face case." Minn. Stat. § 145.682, subd. 6. Defendant Chang contends that since Plaintiff has failed to comply with her demand for the affidavits within the applicable time limits, the claims against her must be dismissed with prejudice.

The "primary purpose" of § 145.682 is to eliminate "nuisance malpractice suits." Lombardo v. Seydow-Weber, 529 N.W.2d 702, 703 (Minn. App. 1995) (citations omitted). Plaintiff, however, has not filed a malpractice claim under Minnesota law. Plaintiff has filed an action under 42 U.S.C. § 1983 seeking to vindicate his rights under the Eight Amendment to the Constitution of the United States. The central purpose of § 1983 is "to provide compensatory

relief to those deprived of their federal rights by state actors." Felder v. Casey, 487 U.S. 131, 141 (1988); Beeks v. Hundley, 34 F.3d 658, 661 (8th Cir. 1994). It is "a uniquely federal remedy against incursions upon rights secured by the Constitution and laws of the Nation." Felder, 487 U.S. at 139 (internal citation and quotations omitted). Thus, the "preemptive sweep" of § 1983 is "obviously considerable." Beeks, 34 F.3d at 661.

A federal law preempts an inconsistent state law if the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Id. (internal citation and quotations omitted). For instance, the courts have held that § 1983 preempted state notice of claim statutes, Felder, 487 U.S. at 138; state law immunizing government conduct, Martinez v. California, 444 U.S. 277, 284 (1980); and state statutes of limitation that provide a limited time in which to file suit, Burnett v. Grattan, 468 U.S. 42, 50-55 (1984). Here, the Court finds that Minn. Stat. § 145.682 is preempted by § 1983 because the state law conflicts with the remedial purpose of § 1983 in two important respects. First, the state law conditions the ability to receive compensation for a violation of a prisoner's Eighth Amendment rights upon the completion of two affidavits submitted by medical experts. Second, the primary purpose of § 145.682 to eliminate frivolous suits would tend to frustrate the broad remedial purpose of § 1983. However, for the purposes of this motion, the Court need not reach the preemption issue.

As already noted. Minn. Stat. § 145.682 applies only to those "medical malpractice actions as to which expert testimony is necessary to establish a prima facie case." Tousignant v. St. Louis County, 615 N.W.2d 53, 58 (Minn. 2000). Prison officials violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to an inmate's serious medical needs." Jolly v. Knudson, 205 F.3d 1094, 1096 (8th Cir. 2000), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). To establish an Eighth

Amendment violation the plaintiff must demonstrate "(1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Jolly, 205 F.3d at 1096 (internal citation and quotations omitted). Certain issues in a § 1983 claim are factual questions that require exploration by expert witnesses. See Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir. 1990) (the determination of whether an instance of medical misdiagnosis resulted from deliberate indifference or mere negligence required expert testimony). However, the Court is unaware of any rule requiring the use of expert testimony to establish a prima facie case of deliberate indifference to an inmate's serious medical needs. Therefore, Minn. Stat. § 145.682 would not apply to such claims.

Furthermore, Defendant Chang cites only one federal case, Bellecourt v. United States, 994 F.2d 427 (8th Cir. 1993), in support of her contention that the courts have strictly enforced Minn. Stat. § 145.682 in actions brought by prisoners against physicians for alleged Eighth Amendment violations. See Def.'s Mem. In Support of Statutory Dismissal at 4. In Bellecourt the Eighth Circuit affirmed the trial court's dismissal of the plaintiff's medical malpractice claim against the defendants on the basis of plaintiff's failure to comply with Minn. Stat. § 145.682. 994 F.2d at 432. However, this was a *pendent state claim*. Id. at 431. The trial court dismissed the plaintiff's Eighth Amendment and other civil rights claims on separate grounds. Id. at 429-30. It is telling that the court did not apply the requirements of Minn. Stat. § 145.682 to plaintiff's Eighth Amendment claim.

**C. Conclusion**

For the reasons discussed above the Court finds that Minn. Stat. § 145.682 does not apply to Plaintiff's § 1983 claim. Therefore, there is no bar to the granting of Plaintiff's motion for voluntary dismissal.

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for appointment of counsel [Docket No. 46] be **DENIED**;

2. Plaintiff's motion to amend the complaint [Docket No. 48] be **GRANTED**;

3. Plaintiff's motion for voluntary dismissal without prejudice [Docket No. 47] be **GRANTED**;

4. This action be **DISMISSED WITHOUT PREJUDICE**;

5. Plaintiff's motion for production of documents [Docket No. 9] be **DENIED AS MOOT**;

6. Plaintiff's motion to reconsider [Docket No. 10] be **DENIED AS MOOT**;

7. Plaintiff's motion to compel discovery [Docket No. 17] be **DENIED AS MOOT**;

8. Plaintiff's motion to strike Defendant's answer [Docket No. 36] be **DENIED AS MOOT**;

9. Defendant Chang's motion for statutory dismissal [Docket No. 38] be **DENIED**; and

10. Defendant Chang's motion for a protective order [Docket No. 42] be **DENIED AS MOOT**.

Dated: January 30, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.